**FILED**

July 10, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **RUBEN ARZATE-DIAZ,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | **NO. SA-26-CV-03957-OLG** |
| § | |
| **TODD BLANCHE** *et al.,* § | |
| § | |
| **Respondents.** § | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Ruben Arzate-Diaz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4). Upon review, the Court must dismiss the Petition without prejudice for the reasons below.

Petitioner is a citizen of Mexico who entered the United States without inspection in 2002; was apprehended and detained by immigration authorities for the first time on June 21, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings. (Dkt. No. 1 at 6, 10; Dkt. No. 4 at 4; Dkt. No. 4-1 at 1.) Petitioner initiated this action on June 23, 2026, seeking release on the grounds that he may not be mandatorily detained consistent with his right to due process.[1] (*See* Dkt. No. 1 at 27–28, 33.)

The Fifth Circuit recently held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A)

---

[1] Petitioner also asserts entitlement to habeas relief based on the Immigration and Nationality Act (INA), the *Accardi* doctrine, and the Fourth Amendment. (*See* Dkt. No. 1 at 28–33.) These claims are unavailing and therefore **DISMISSED**. *See, respectively, Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 500 (5th Cir. 2026) (holding that, under the INA, "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"); *Chi v. Warden, Bluebonnet Det. Facility,* No. 26-CV-067-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief"); *Antonio v. Bondi,* No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026) (explaining that an alleged Fourth Amendment violation "has no bearing on the legality of detention . . . during removal proceedings").

for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *6, 16 (5th Cir. July 2, 2026). Here, because Petitioner's detention commenced on June 21, 2026 (*see* Dkt. No. 1 at 6; Dkt. No. 4 at 4), Respondents' window to provide a bond hearing has not yet closed. As such, Petitioner's ongoing detention does not yet violate due process. *See Rodriguez*, 2026 WL 1906557, at *16 (holding that mandatory detention under § 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention"). Accordingly, the Petition (Dkt. No. 1) must be and hereby is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

SIGNED on July ___10___, 2026.

ORLANDO L. GARCIA
United States District Judge

2